Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967

Asher Bublick
for the United States Trustee
asher.bublick@usdoj.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No.    22-31740-sgj11 |
| THE JUMBA, LLC, | § | |
| | § | Chapter 11 |
| *Debtor*. | § | |

### UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO SELL

TO THE HONORABLE SCOTT W. EVERETT, U.S. BANKRUPTCY JUDGE:

William T. Neary, the United States Trustee for Region 6 (the "**United States Trustee**"), files this Objection to *Debtor's Motion to Sell Property of the Estate Free and Clear of Liens, Claims, and Encumbrances under 11 U.S.C. § 363(b) and (f) with Liens Attaching to Proceeds and Remaining Raw Land* [ECF No. 2]. In support, the United States Trustee would show:

### Facts and Procedural History

1.   Debtor is in the business of land development.

2.   Debtor owns raw land in Parker, Jack, and Johnson Counties.

3.   Debtor filed its voluntary chapter 11 petition in the United States Bankruptcy Court for the Northern District of Texas on September 23, 2022.

4.   The United States Trustee is presently soliciting interest among Debtor's unsecured creditors to serve on the Official Committee of Unsecured Creditors (the "**Committee**").

5. Debtor's Initial Debtor Interview with the United States Trustee is scheduled to occur on October 11, 2022.

6. The section 341 meeting of creditors is set for November 2, 2022.

7. At the time of this filing, Debtor has neither filed its schedules nor statement of financial affairs.

8. On September 23, 2022, *Debtor's Motion to Sell Property of the Estate Free and Clear of Liens, Claims, and Encumbrances under 11 U.S.C. § 363(b) and (f) with Liens Attaching to Proceeds and Remaining Raw Land* (the "**Motion to Sell**") [ECF No. 2] was filed.

9. The Debtor states that it had six homes substantially completed and scheduled for closings in early August but was ultimately unable to obtain commitments from the various homebuyers and their lenders that all would be ready to close by the maturity date of its note obligation to C&G Realty E, LLC ("**C&G**"), the lienholder of Debtor's 556.81 acres in Johnson County (the "**Johnson County Property**").[1] Motion to Sell at ¶ 4.

10. After C&G rejected Debtor's offer for a forbearance, the Johnson County Property was posted for foreclosure sale on October 4, 2022. *Id.* at ¶ 9.

11. The Debtor avers that the Motion to Sell was filed "due to Debtor's lienholder on the Johnson County Property refusing to provide partial lien releases to close on six (6) homes under contract at this time." *Id.* at 1.

12. The Debtor states that it "seeks to proceed with sales of the homes on its Johnson County Property, free and clear of liens, with the C&G lien attaching to the net proceeds followed by full payment on C&G's secured claim after the sale of these homes." *Id.* at ¶ 14.

---

[1] The Debtor avers that the C&G sold the John County Property to Debtor for the purchase price of $4,538,001.50 and that the Johnson County Property is currently worth at least $15 million without taking into the account the fact that approximately 60 acres have been improved with six luxury homes. *Id.* at ¶¶ 1, 8, 11-12.

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO SELL**  Page 2

13. Although a motion to employ a real estate broker has not been filed, the Debtor avers that

> [a]s each sale closes, the net proceeds (after taxes, title insurance, *realtor commissions* and escrow agent fees) will go into an escrow account with Priority Settlement Services and C&G's lien will transfer from the homes and lots to the cash.

*Id.* at ¶ 19 (emphasis added).

14. After the sale of the six homes

> Debtor will then seek authority to pay the lump sum to C&G in exchange for an executed release of its lien on all of the Johnson County Property and a Cancellation of the Note and Security Agreement and Release of the Deed of Trust in recordable form.
>
> If the updated payoff is disputed, this Court shall determine the lien amount to be paid. However, if undisputed, payment and releases can be accomplished as in the ordinary course of the Debtor's business.

*Id.* at ¶¶ 23-24.

## Argument

### *Debtor needs to show that the sale is exercise of valid business judgment and in good faith*

15. A sale of debtor's assets under § 363 is subject to court approval and "must be supported by an articulated business justification, good business judgment, or sound business reasons." *In re ASARCO, L.L.C.*, 650 F.3d 593, 601 (5th Cir. 2011) (quoting *In re Moore*, 608 F.3d 253, 263 (5th Cir.2010)).

16. The United States Bankruptcy Court for the Northern District of Texas has articulated the factors to be considered in evaluating business justification and good faith for § 363 sales within Standing Order 2000-7, "Guidelines for the Early Disposition of Assets in Chapter 11 Cases" (the "**Sales Guidelines**"). *See* https://www.txnb.uscourts.gov/sites/txnb/files/general-ordes/2000_7%281%29.pdf.

17. While the Sales Guidelines are intended to apply to cases in which a debtor seeks approval to sell substantially all its assets within the first 60 days of the case, it still provides useful guidance as to what information the Court and interested parties may need.

18. This information includes, but is not limited to:

   i. a statement of all contingencies to the sale agreement, with a copy of the agreement;

   ii. an itemization and estimation of administration expenses related to the proposed sale;

   iii. an estimate of gross sales proceeds, along with an estimate of net proceeds;

   iv. debtor's debt structure;

   v. a discussion of alternatives to the sale.

   vi. a description of the negotiations and details of any other offers to purchase;

   vii. an explanation of marketing efforts;

   viii. a statement identifying the buyer and setting forth all of the buyer's connections;

   ix. the buyer's post-sale relationship with debtor;

   x. the purchaser's relationship with secured creditors; and

   xi. any proposed compensation to be paid to debtor's insiders.

Sales Guidelines.

19. The Motion to Sell provides none of this information. Instead, it provides little more than the number of homes to be sold, the range of the sales prices for the six homes, and a representation that "[t]he sales should yield approximately $3,000,000.00 with the agreement by the builder to take nothing on its constitutional liens out of these sales." *See* Motion to Sell at ¶¶

15-16. Creditors and the Court are entitled to more information. Debtor needs to prove to the Court that this sale is a valid exercise of its business judgment and that the sale is in good faith.

20.     The Fifth Circuit Court of Appeals has held that a debtor may not use § 363 to bypass Bankruptcy Code protections. See *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986). Were Debtor seeking to dispose of assets through a plan of reorganization, it would be required to provide certain information via a disclosure statement. *See* 11 U.S.C. § 1125. The Motion to Sell should be denied because it does not provide adequate information.

***Debtor needs to show immediate and irreparable harm if Motion to Sell is not granted***

21.     Bankruptcy Rule 6003 mandates that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting. . . a motion to use, sell, lease or otherwise incur an obligation regarding property of the estate." FED. R. BANKR. P. 6003.

22.     This case was filed less than a week ago and the United States Trustee is still in the process of soliciting interest among Debtor's unsecured creditors to serve on the Official Committee of Unsecured Creditors. The (potential) Committee may have a different perspective than the Debtor and should be given the opportunity to consider the Motion to Sell.

23.     Further, although the Debtor states that "[a]s each day passes, the increase in inventory on the market, and changing interest rates . . . jeopardize the Debtor's ability to close on all six (6) homes with the original buyers" [Motion to Sell at ¶ 8] and that it is accruing interest at a rate of $573.37 per day [Motion to Sell at ¶17], Debtor has not shown that relief is necessary is avoid immediate and irreparable harm to protect its "substantial equity in the Johnson County Property"[2] [Motion to Sell at ¶14] given the protection of the automatic stay.

---

[2] As Debtor has not filed its schedules and statement of financial affairs yet, it is not possible to calculate what percentage of the Bankruptcy estate the sales contemplated by the Motion to Sell represent.

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO SELL**               Page 5

***<u>No broker fee should be paid until the Court separately approves both broker's employment and compensation</u>***

24.     The Sales Motion proposes that "[a]s each sale closes, the proceeds (after taxes, title insurance, *realtor commissions* and escrow agent fees) will go into an escrow account with Priority Settlement Services and C&G's lien will transfer from the homes and lots to the cash." Sales Motion at ¶ 19 (emphasis added). However, Debtor has neither filed an application seeking approval of broker's retention under 11 U.S.C. § 327(a) nor has it filed an application seeking the Court's authority to pay broker under 11 U.S.C. § 330(a).  While the United States Trustee does not object to the escrowing of broker's proposed commission at this time, no payment to the broker should be made until both employment and compensation are approved by the Court.

## Prayer

Wherefore, the United States Trustee respectfully requests that the Court enter an order denying the Motion to Sell. The United States Trustee also requests any other relief to which the United States Trustee may be entitled.

Dated: September 29, 2022                    Respectfully submitted,

                                                               WILLIAM T. NEARY
                                                               UNITED STATES TRUSTEE

                                                               */s/ Asher M. Bublick*
                                                               Asher M. Bublick
                                                               Texas State Bar No. 24113629
                                                               Office of the United States Trustee
                                                               1100 Commerce Street, Room 976
                                                               Dallas, Texas 75242
                                                               (214) 767-8967
                                                               asher.bublick@usdoj.gov


## CERTIFICATE OF SERVICE

     I certify that on September 29, 2022, that I sent a copy of the forgoing document via ECF and via first class United States mail to the attached service list.


                                                               */s/ Asher M. Bublick*
                                                               Asher M. Bublick

```
Label Matrix for local noticing          Alvarado ISD                              C&G Realty E, LLC
0539-3                                   % Perdue Brandon Fielder Et Al            P.O. Box 1408
Case 22-31740-sgj11                      500 E. Border Street                      Montgomery, TX 77356-1408
Northern District of Texas               Suite 640
Dallas                                   Arlington, TX 76010-7457
Thu Sep 29 12:07:42 CDT 2022

Johnson County                           Parker CAD                                Perrin - Whitt CISD
c/o Perdue Brandon Fielder et al         Linebarger Goggan Blair & Sampson, LLP    Linebarger Goggan Blair & Sampson, LLP
500 E Border Street                      c/o Sherrel K. Knighton                   c/o Sherrel K. Knighton
Suite 640                                2777 N Stemmons Fwy, Ste 1000             2777 N. Stemmons Fwy. Ste. 1000
Arlington, TX 76010-7457                 Dallas, TX 75207-2328                     Dallas, TX 75207-2328

The Jumba, LLC                           1100 Commerce Street                      C&G Realty E, LLC
P.O. Box 7085                            Room 1254                                 4413 Carey Street
Ft. Worth, TX 76111-0085                 Dallas, TX 75242-1305                     Ft. Worth, Texas 76119-4219

Darrell James Dumas                      Jack County TAC                           James Lanter, PC
301 Plum Street                          100 N Main St #209                        James Lanter
Aledo, Texas 76008-4321                  Jacksboro, TX 76458-1797                  560 N. Walnut Creek, Suite 120
                                                                                   Mansfield, Texas 76063-3238

Johnson County TAC                       Leland B. Little                          Mark J. Petrocchi
2 N Mill St                              1213 Forest Park Dr.                      GRIFFITH, JAY & MICHEL, LLP
Cleburne, TX 76033                       Weatherford, Texas 76087-2805             2200 Forest Park Blvd.
                                                                                   Fort Worth, TX 76110-1732

Pamela Diane Cunningham                  Parker County Tax Assessor                Tri County Utilities
6924 Kingsley Drive                      1112 Santa Fe Drive                       1623 Weatherford Hwy
Ft. Worth, Texas 76134-3816              Weatherford, TX 76086-5827                Aledo, TX 76008

United States Trustee                    Lyndel Anne Vargas                        End of Label Matrix
1100 Commerce Street                     Cavazos Hendricks Poirot, P.C.            Mailable recipients    19
Room 976                                 900 Jackson St., Suite 570                Bypassed recipients     0
Dallas, TX 75242-0996                    Dallas, TX 75202-2413                     Total                  19
```