Mark J. Petrocchi
State Bar No. 15851750
GRIFFITH, JAY & MICHEL, LLP
2200 Forest Park Blvd.
Fort Worth, TX 76110
Phone (817) 926-2500
Fax (817) 926-2505
mpetrocchi@lawgjm.com
ATTORNEYS FOR C&G REALTY E, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE JUMBA, LLC | § | CASE NO. 22-31740-11 |
| | § | |
| DEBTOR | § | |

**RESPONSE IN OPPOSITION TO MOTION TO SELL PROPERTY**

TO THE HONORABLE STACEY G. C. JERNIGAN, U. S. BANKRUPTCY JUDGE:

COMES NOW C&G Realty E, LLC ("C&G") and files this response opposed to the Debtor's Motion to Sell Property of the Estate Free and Clear of Liens, Claims and Encumbrances Under 11 U.S.C. § 363(b) and (f) With Liens Attaching to Proceeds and Remaining Raw Land (the "Motion"). In support thereof, does respectfully show the Court the following.

## I.    INTRODUCTION

1.      C&G disagrees with some of the factual allegations in the Motion, and does not yet have enough information in this new case to determine the appropriateness of the use of its collateral and proceeds. This Debtor entered a ten month transaction with C&G. The Debtor made a timely payment one month and then was late or missed all of the next nine payments. The Debtor has previously represented properties were almost complete and that closings were about to occur. None of the four properties (not six) for which contracts have been shared appear ready to close. Without information, C&G opposes the relief requested.

## II. RESPONSIVE FACTS

2. C&G admits the allegation in the first unnumbered paragraph of the pleading that Jumba owns land in Johnson County. C&G does not have information concerning other counties. While the Debtor may have purchased, developed, and sold land in the past, C&G does not concede that sales of land, the development of homes, and the sales of homes is the ordinary course of the Debtor's business. The Debtor has previously indicated it intended to schedule closings on some parcels of real property and contacted C&G concerning those parcels. C&G has not refused to provide partial lien releases on any property, only not to provide agreement without more information. C&G has asked for more information. Prior to the bankruptcy, C&G has not been approached concerning a total of six properties, only four. At the time of the execution of this document, the undersigned has not received two of the proposed contracts. In that paragraph, the Debtor asserts that relief as requested is appropriate at this time. As the details of that relief have not been disclosed in connection with the newly filed case, C&G denies this allegation.

3. C&G admits the allegation in the numbered paragraph 1 of the Motion that the Debtor purchased property from C&G and agreed to pay for that property within ten (10) months. The purchase is documented by (1) a Real Estate Lien Note, and (2) a Security Agreement, Deed of Trust, Financing Statement, and Assignment of Rents (the "Loan Documents").

4. The Debtor failed to perform in connection with the loan documents. The Debtor timely paid the November 2021 payment. The Debtor failed to pay the May and August 2022 interest payments, and the August 2022 final payment. All other payments were late.

5. C&G admits the allegation in paragraph 2 of the Motion that Brian Frazier guaranteed the obligations to C&G.

6. C&G admits the allegations in paragraph 3 of the Motion that it agreed to partial releases on each home sale in exchange for a lump sum payment of Five Hundred Thousand Dollars and 0/100 ($500,000.00) to be applied to reduce the obligation, which would be applied to the principal balance if the obligation were current. The Debtor defaulted prior to the loan becoming due however the loan is now fully due and payable. There is no longer a contractual obligation to release each home in exchange for a lump sum payment of Five Hundred Thousand Dollars and 0/100 ($500,000.00).

7.      C&G is unable to admit the allegations in paragraph 4 of the Motion. C&G expressly denies that the Debtor had six homes substantially completed based on the information shared with C&G. C&G was approached about four homes being close to completion. The Debtor represented closings might occur in the first or second week of August 2022. C&G asked for and did not receive information related to those closings. As recently as the week that the Debtor filed bankruptcy it appeared that substantial work was still being performed in connection with those homes.

8.      C&G denies that the material terms of all home sales were shared with C&G prior to the maturity date. The Debtor redacted information including information to contact the title company or know the buyers of the property. The net balance to be paid to C&G was not disclosed.

9.      C&G admits the allegation in paragraph 6 of the Motion that the maturity deadline passed, and C&G sent a five-day notice of opportunity to cure.

10.     C&G admits the allegation in paragraph 7 that a short forbearance offer was submitted to C&G. C&G made a counter proposal. The Debtor never responded prior to filing bankruptcy.

11.     C&G admits that the inability of the Debtor to perform timely may be impacted by an increase in inventory on the market and rising interest rates.

12.     C&G does not have sufficient information to admit or deny the allegations in paragraph 9 concerning other lenders and therefore denies those allegations.

13.     C&G admits that the Debtor filed for bankruptcy protection on or about September 23, 2022.

14.     C&G admits that it is likely that the Johnson County property pledged to C&G exceeds the debt, however the Debtor likely has entered into contractual obligations with third parties that may result in encumbrances on that property. C&G does not have sufficient information at this time to concede that allegation.

15.     C&G denies the allegations in paragraph 11 of the Motion.

16.     C&G denies the allegations in paragraph 12 of the Motion.

17. C&G denies the allegations in paragraph 13 of the Motion, based on a lack of knowledge.

18. C&G does not have sufficient information to admit or deny the allegations from paragraph 14 of the Motion.

19. It does not appear that the Debtor has notified suppliers and providers that may assert liens between now and the time of proposed sale.

### III.   ARGUMENT

20. The Debtor has not provided C&G or this Court with the information that it needs to evaluate these potential sales.

21. In order to prevent sales in the first days of a bankruptcy case without providing sufficient information to the Court, lien holders, and other creditors, Bankruptcy Rule 9003 was created requiring twenty-one (21) days' notice. C&G believes that it and the Court, and potentially other unnamed creditors are entitled to additional information. That information would include at least the properties being sold, the approximate value of the properties being sold, the agreement with related entity that contacted with potential buyers, the names of other creditors that may claim liens on the property, the title company, the amount of net proceeds, and the amount that will be paid to C&G on the past due loan.

22. On an expedited basis, the Debtor seeks to have authority to sell property of the estate without notice to creditors that might have a direct interest in the sale and prior to the deadline for this type of relief under the bankruptcy rules short of imminent and irreparable harm.

23. Irreparable harm has not been alleged. C&G opposes any finding of immediate and irreparable harm.

24. Unless and until C&G receives additional information, and a commitment from the Debtor with Court approval to reduce the amount of the overdue obligation, C&G opposes the relief requested.

25. C&G opposes any sale of its collateral unless (1) C&G consents, and (2) C&G is paid the net proceeds from closing.

WHEREFORE PREMISES CONSIDERED C&G prays the relief requested be denied and that the Court grants that such and further relief as is just inequitable.

        Respectfully submitted,

        By:____/s/Mark J. Petrocchi_____
            Mark J. Petrocchi
        State Bar No. 15851750
        GRIFFITH, JAY & MICHEL, LLP
        2200 Forest Park Blvd.
        Fort Worth, TX  76110
        Phone (817) 926-2500
        Fax (817) 926-2505
        mpetrocchi@lawgjm.com
        ATTORNEYS FOR C&G REALTY E, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused a true and correct copy of the foregoing document to be served electronically upon those persons registered on the ECF Filing system of the Court on this 29th day of September 2022.

        __/s/Mark J. Petrocchi_____
        Mark J. Petrocchi